IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DAPHNE DAVIS,** | * | |
| Plaintiff | * | |
| v. | * | Civil No. PJM 05-1439 |
| **MOHAMED SANU, et al.,** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Before the Court is the United States's Motion to Dismiss. For the reasons set forth below, the Court GRANTS the Motion.

### I.

This case arises from an auto accident on the Baltimore-Washington Parkway. Plaintiff Daphne Davis alleges that on December 8, 2001, United States Army SFC Bobby Randolph Batts, while traveling southbound on the Parkway in Prince George's County, activated the emergency flashers on his vehicle. This allegedly caused the driver ahead of him, Defendant Mohamed Sanu, to come to a stop and the driver behind Davis, Defendant Selvin Alvarez, to collide with Davis's vehicle. Davis alleges that all Defendants were negligent in operating their vehicles and seeks damages of $100,000 from each.

Plaintiff filed suit against Batts, Sanu, and Alvarez in the Circuit Court for Prince

George's County.[1]  It is the position of the United States that because Batts is a United States employee and was acting in the scope of his employment at the time of the accident, the action against Batts is governed by the Federal Tort Claims Act (FTCA).  Accordingly, on May 26, 2005, the United States, acting on behalf of Batts, removed the case to this Court and filed a Motion to Substitute [the United States as] Defendant pursuant to 28 U.S.C. § 2679(d)(1), which the Court granted.  The claim against Batts was the sole ground for removal.  Defendants Sanu and Alvarez are not federal employees and while the requirements for diversity of citizenship appear to be satisfied,[2] they did not join in the removal.[3]  Thus, there are no independent grounds for jurisdiction over Davis's claims against Sanu and Alvarez.

## II.

In its Motion to Dismiss, the Government argues that this Court lacks jurisdiction because in order to maintain an FTCA claim, a claimant must file an administrative claim with

---

[1] In her Complaint, Davis mis-identified Batts as "Bobby Randolph Dunn."  She subsequently amended her Complaint to correct his name.

Prior to removal, Alvarez filed a Cross-Claim against Sanu and Bobby Randolph Dunn [sic] for indemnity or contribution.  Sanu filed a Cross-Claim in this Court for indemnity or contribution against Alvarez and the United States.

[2] From the Amended Complaint, it appears that Davis is a citizen of Mississippi, Sanu a citizen of Maryland, Alvarez a citizen of Virginia, and Batts a citizen of North Carolina.

[3] Nor could the have.  As a home-state Defendant, Sanu could not remove.  28 U.S.C. 1441(b).  By the time that the United States removed, May 26, 2005, the time for Alvarez to remove had long since passed.  Although it is not clear when Alvarez was served, he filed an Answer on January 14, 2005. Notice of removal must be filed within thirty (30) days after the Defendant receives a copy of the Complaint.  28 U.S.C. § 1446(b).

2

the appropriate agency before instituting her suit, which Davis did not do.[4]  The Court agrees.

Section 2675(a) of the FTCA provides that a party may not institute an FTCA action unless she first files an appropriate administrative claim:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Filing an action in state court does not satisfy the administrative claim requirement.  See Henderson v. United States, 785 F.2d 121, 123-24 (4th Cir. 1986).

The Government has attached to its Motion the Declaration of Colonel Marvin G. Olmscheid, Chief of the Tort Claims Division of the Army Claims Service at Fort Meade. Colonel Olmscheid's Declaration states that Davis has filed no administrative claim, a fact which Davis does not dispute.  Instead, she argues that her claim against Batts is not controlled by the FTCA because Batts exceeded the scope of his employment when he activated the emergency flashers without authority.  The mere assertion that Batts exceeded the scope of his authority, without more, does not suffice to take the case outside the FTCA.  Where, as here, the United States has certified that the employee was acting in the scope of his employment, "the plaintiff

---

[4]  The Government also argues that any administrative claim would be time-barred because 28 U.S.C. § 2401(b) requires that such a claim be filed within two years of the date of accrual.  The accident that gave rise to this suit occurred in December of 2001 and Davis did not file her state court action until December of 2004.  Thus, it appears that the time has long since passed for her to file an administrative claim.

has the burden of persuasion 'to refute the certification...and to prove by a preponderance of the evidence that defendant[] [was] not acting within the scope of [his] employment.'" Borneman v. United States, 213 F.3d 819, 827 (4th Cir. 2000) (quoting Maron v. United States, 126 F.3d 317, 323 (4th Cir. 1997)).  Davis's bare assertion that Batts lacked authority to activate the emergency lights does not satisfy this burden.

Because no administrative claim has been filed, this Court lacks jurisdiction.  See Henderson, 785 F.2d at 123 ("Plaintiffs must meet certain prerequisites before filing an action under the Federal Tort Claims Act in federal court. The FTCA clearly provides that, prior to bringing an action against the United States, a claimant 'shall have first presented the claim to the appropriate Federal agency.'  It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." (citations omitted)).

### III.

For the foregoing reasons, the Court GRANTS the Motion of the United States to Dismiss with prejudice as to Defendants United States and Bobby Randolph Batts [Paper No. 30], and REMANDS the case as to Defendants Alvarez and Sanu to the Circuit Court for Prince George's County.

A separate Order will be ENTERED.

                                            /s/
                             **PETER J. MESSITTE**
**November 30, 2005**           **UNITED STATES DISTRICT JUDGE**